UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

SONYA L. REYNOLDS, *pro se*,

    Debtor.
_____/

Case No. 12-66724

Chapter 7

Judge Thomas J. Tucker

SONYA L. REYNOLDS, *pro se*,

    Plaintiff,

v.

NATIONAL COLLEGIATE TRUST and
GREAT LAKES STUDENT LOAN
COMPANY,

    Defendants.
_____/

Adv. Pro. No. 13-5265

**OPINION AND ORDER GRANTING DEFENDANT
NATIONAL COLLEGIATE TRUST'S MOTION TO DISMISS,
AND GRANTING PLAINTIFF LEAVE TO FILE AMENDED COMPLAINT**

This adversary proceeding is before the Court on Defendant National Collegiate Trust's motion to dismiss the Plaintiff's complaint under Fed.R.Civ.P. 12(b)(6), applicable to this adversary proceeding under Fed.R.Bank.P. 7012. (Docket # 9, the "Motion"). On December 20, 2013, the Plaintiff filed a response opposing the Defendant's Motion. (Docket # 10).

The Court concludes that a hearing on the Motion is not necessary. The Court will grant the Motion because the Plaintiff's Complaint fails to state a claim upon which relief can be granted.

In this proceeding, the Adversary Proceeding Cover Sheet that Plaintiff filed with her Complaint indicates that the Plaintiff seeks a determination that certain student loans are

dischargeable due to undue hardship under 11 U.S.C. § 523(a)(8). As explained by the United States Court of Appeals for the Sixth Circuit, in order to establish undue hardship under § 523(a)(8), a debtor must allege and prove each of the following elements:

> (1) that the debtor cannot maintain, based on current income and expenses, a "minimal" standard of living . . . if forced to repay the loans; (2) that additional circumstances exist indicating that this state of affairs is likely to persist for a significant portion of the repayment period of the student loans; and (3) that the debtor has made good faith efforts to repay the loans.

*Barrett v. Educ. Credit Mgmt. Corp.* (*In re Barrett*), 487 F.3d 353, 358 (6th Cir. 2007) (quoting *Brunner v. New York State Higher Educ. Serv. Corp.*, 831 F.2d 395, 393 (2nd Cir. 1987)).

In her Complaint, the Plaintiff alleges: "I Sonya Lynn Reynolds would like to add National Collegiate Trust, the holder of my student loans, to my current bankruptcy case 12-66724 to discharge my student loans." (Docket # 1).[1] The Court concludes that this does not allege the necessary elements for a hardship discharge under § 523(a)(8), as required under *In re Barrett*. In fact, Plaintiff's Complaint does not even allege undue hardship in even a general way. The Complaint fails to state a a claim upon which relief can be granted, Fed.R.Civ.P. 12(b)(6), Fed.R.Bank.P. 7012. Accordingly,

IT IS ORDERED that:

1. The Motion (Docket # 9) is granted to the extent of the relief provided in this Order, and otherwise is denied.

2. Plaintiff's Complaint that was filed on October 25, 2013 (Docket # 1) is dismissed as to Defendant, National Collegiate Trust, under Fed.R.Civ.P. 12(b)(6), Fed.R.Bankr.P. 7012, for failure to state a claim upon which relief can be granted.

---

[1] Plaintiff filed an "amendment" to her Complaint on December 20, 2013 (Docket # 11, but this document did not even mention Defendant National Collegiate Trust. Rather, it added Great Lakes Student Loan Company as an additional defendant.

3. Plaintiff is granted leave to file an amended complaint, in order to attempt to state a claim for a discharge on undue hardship ground under 11 U.S.C. § 523(a)(8), but any such amended complaint must be filed no later than **January 30, 2014.**

4. If Plaintiff fails to file an amended complaint on or before January 30, 2014, the Court will enter an order dismissing this adversary proceeding with prejudice as to Defendant, National Collegiate Trust.

**Signed on January 15, 2014**  /s/ **Thomas J. Tucker**
**Thomas J. Tucker**
**United States Bankruptcy Judge**